ACCEPTED
01-15-00537-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 5:05:25 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-15-00537-CV

| | | |
|---|---|---|
| IN RE | § | IN THE FIRST COURT |
| | § | 1st COURT OF APPEALS |
| | § | HOUSTON, TEXAS |
| JAMES WESLEY GROVES | § | 10/8/2015 5:05:25 PM |
| AND | § | OF APPEALS |
| KEITH GROSS | § | CHRISTOPHER A. PRINE |
| | § | Clerk |
| | § | |
| RELATORS | § | HARRIS COUNTY, TEXAS |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 5:05:25 PM
CHRISTOPHER A. PRINE
Clerk

**RELATOR, KEITH GROSS' VERIFIED EMERGENCY MOTION
TO STAY ENFORCEMENT OF TRIAL COURT ORDER**

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW KEITH GROSS and files this his Emergency Motion to Stay Enforcement of Trial Court's Order and respectfully shows:

## I.    Facts and Basis for Emergency

1.    On April 28, 2015 the trial court entered on order on the record that (1) disqualified attorney, Keith Gross; (2) ordered him to take 8 hours of continuing legal education course(s), and (3) pay the sum of $2500.00 into the court's registry within six months of the date of the order.  The six month deadline is October 29, 2015. Attorney Gross has not taken the course or placed the money into the Court's registry.

2. On June 16, 2015, attorney, Keith Gross and James Wesley Groves filed a Writ of Mandamus. Thereafter, this Court ordered the Real Party in Interest to file a response. The Court has not ruled.

3. At the time of filing the Writ of Mandamus, trial was set for October 5, 2015. Subsequently, the court has reset the case. This case will not be set for trial until at least February 2016.

4. Emergency relief is necessary. If attorney Gross does not take the legal education courses in accordance with the trial court's order, he risks being held in contempt and jailed. Conversely, if Gross complies with the order, he will lose the right of judicial review over the matter, and will be forced to comply with erroneous order. A ruling is necessary far enough in advance so that Gross may complete the course before the deadline.

5. Attorney, Keith Gross requests the Court stay the trial court's order until this court enters a ruling.

## Adoption by Reference

6. Attorney Keith Gross hereby each and every fact and argument embodied in Relators' Petition for Writ of Mandamus.

## Argument / Authorities

7. A party maintains a right of appellate review over a district court's orders, whether it's in the form of a traditional appeal, writ of mandamus, or

accelerated appeal. Texas Government Code § 22.221 authorizes the courts of appeal to issue writs of mandamus and all other writ necessary to enforce the jurisdiction of the court. Appellate courts retain the overreaching power to grant such writs as may be necessary to enforce or protect their court's jurisdiction over the pending appeal, and preserve the subject matter of the appeal. *In Re Bailey* 296 S.W. 3d 859 (Tex.App.—Tyler, 2009).

8. Attorney Gross filed a writ of mandamus contending that the trial court sanctioned him wrongfully. Attorney Gross faces irreparable harm without a stay from this Court. If Gross complies with the trial court's order and takes the continuing legal education classes, he will lose the right to appellate review and will deprived the opportunity to vindicate himself as the issue will become moot. *Wolf v. Star*, 456 S.W. 3d 307 (Tex.App--- El Paso, 2015.) Gross will be harmed by having to comply with an erroneous order. If Gross does not comply, he risks being held in contempt of court and jailed.

9. Without reviewing each argument embodied in the Petition for Writ of Mandamus, it should be sufficient to show this court that attorney Gross did not receive adequate notice of the motion for sanctions before the hearing. It is undisputed that received notice of the Supplemental Motion to Disqualify and Motion for Sanctions only one hour before the hearing. Gross had no

opportunity to research the law, or otherwise plan a defense. and therefore this court should stay the enforcement, if not summarily reverse the order.

9.    The power to sanction is limited by the due process clause. *In Re Max Bennett*, 960 S.W. 2d 35, 40 (Tex. 1997). At a minimum, notice of any hearing . . . must be served on all parties not less than three days before the time set for the hearing, unless the time is shorten by the court. *In re Acceptance Insurance Co*, 33 S.W. 3d 443, 449 (Tex.App.—Fort Worth, 2000) citing TRCP 21. It is well settled the one day's notice is insufficient, as a matter of law. *Plano S & L Ass'n v. Slavin*, 721 S.W. 282, 284 (Tex. 1986). Attorney Ramos filed his Motion to Disqualify on April 27, 2015, and filed his supplemental motion on the morning of April 28. 2015 at 8:15 a.m.

Upholding an order for Sanctions based on one hours notice is error on its face. Attorney Gross requests this Court stay the trial court order until the Petition for Writ of Mandamus is resolved.

Prayer

Relater prays that this Court stay the trial court's order until after this Court has decided the writ of mandamus, and any other relief, whether general or special, legal or equitable.

Respectfully submitted,

/s/ *Keith Gross*
Keith A. Gross
State Bar No. 24027357
245 Park Ave.
League City, Texas 77573
(832) 932-5970 Office
(281) 701-5634 Cell
(832) 932-5688 Fax
attnykgross@aol.com
RELATOR

Certificate of Service

I certify that a true and correct copy of the foregoing instrument was served on opposing counsel and the Court in accordance with the TRCP on September 8, 2015.

Keith Gross

Certificate of Conference

I certify that I have attempted to confer with counsel in the underlyng litigation via email to resolve the matter by agreement.

Keith Gross

# VERIFICATION

STATE OF TEXAS        §
                                  §

COUNTY OF GALVESTON    §

     BEFORE ME, the undersigned authority, on this day personally appeared Keith Gross, who after being duly sworn, did on his oath depose and say that he has read Relator's Emergency Motion to Stay and that the facts contained therein are within his personal knowledge and are true and correct.

<br/>

_____
Keith Gross

<br/>

  SUBSCRIBED AND SWORN TO ME, a Notary Public. on this
_____ day of _____, 2015

<br/>

KELLIE GROSS
Notary Public, State of Texas
My Commission Expires
April 11, 2017

_____
Notary Public in and for
The State of Texas